### D. R. FANT v. KENEDY PASTURE COMPANY.

Decided June 17, 1902.

**1.—Injunction—Abandonment—Appeal.**

Where plaintiff sued for an injunction to restrain a trespass upon land, and after dissolution in chambers of the temporary injunction granted, filed new pleadings making the action one of trespass to try title with no prayer for an injunction, the action for injunction was abandoned, and the appellate court will not determine whether the temporary injunction was properly dissolved, no such issue being raised by the pleading now in the case.

**2.—Jurisdiction—Plea Not Waived—Change of Action.**

Where plaintiff's action as originally brought was for an injunction to restrain a trespass upon land situated in another county, which was that of defendant's domicile, but was afterwards changed by amended pleadings to an action of trespass to try title, defendant's plea to the jurisdiction, interposed promptly after the filing of plaintiff's amended pleadings, was properly sustained, although it had waived its plea to the jurisdiction as made in the original suit for injunction.

Error from Nueces. Tried below before Hon. Stanley Welch.

*Turner & McCampbell,* for plaintiff in error.

*James B. Wells* and *Kleberg & Neethe,* for defendant in error.

PLEASANTS, ASSOCIATE JUSTICE.—On June 18, 1900, plaintiff in error filed in the District Court of Nueces County a petition for injunction to restrain the defendant in error from trespassing upon and unlawfully erecting a fence across a survey of land situated in Hidalgo County and alleged to be owned by and in the lawful possession of plaintiff. On the same day the judge of the District Court of Nueces County, to whom the petition was presented, granted a temporary writ of injunction in accordance with the prayer of the petition. On June 29th the defendant, who had been duly served with citation on said petition, filed a motion to dissolve the temporary injunction, among others, upon the following grounds:

"1. Because the petition herein for said injunction, and upon the allegations of which it is granted, does not present any equity which authorizes or necessitates the granting of such writ of injunction.

"2.  Because the said petition affirmatively shows that the plaintiff has a plain, speedy, and fully adequate remedy at law, to wit, the action of trespass to try title and for damages, and for sequestration of the tract of land in controversy.

"4.  Because the petition wholly fails to allege or show that any irreparable damage or injury can or will inure to plaintiff in the premises."

On June 30, 1900, the motion to dissolve was heard and acted on by the court in chambers, and the first, second, and fourth grounds of same were sustained, and the temporary injunction dissolved.  On September 4, 1900, being the first term of the District Court of Nueces County after the filing of said bill for injunction, defendant in error filed a paper indorsed "defendant's original answer," which embraced an unsworn plea to the jurisdiction, a general demurrer, and a general denial.  This plea to the jurisdiction was never acted upon by the court, or called to its attention, but was continued over without prejudice, from term to term, until the November term, 1901.

The following orders appear to have been made in said case prior to its final dismissal, to wit:

"19th September, 1900.  Continued by agreement of counsel made and entered into in open court, without prejudice to pleas to jurisdiction."

"Jan. 14, 1901.  Continued by agreement of counsel, without prejudice to pleadings or motions."

"May 13th.  Continued by consent without prejudice.  Boundary suit and requires survey."

On November 16, 1901, plaintiff in error filed his first amended original petition in which he alleged ownership and possession of the 2000 acres out of the "San Antonio del Encinal" tract mentioned in his original petition; the unlawful entry thereon, and his ejectment therefrom, by defendant in error, and praying for damages, mesne rents, and restitution.  On November 18, 1901, defendant in error filed its "first amended original answer," embracing a plea to the jurisdiction, general and special demurrers, and a plea of not guilty.  On December 3, 1901, plaintiff filed his second amended original petition, which contains all the allegations of the first amended original petition, and in addition thereto alleged the filing of the petition for injunction and sets out the portions of that petition which states the ground upon which the injunction was sought and the prayer for injunction, and further alleged that a temporary injunction was granted plaintiff on June 18, 1900, restraining the defendant from entering upon said land and erecting fences thereon, but that notwithstanding the defendant had full knowledge of the issuance of said injunction it did unlawfully and with force of arms, on about the 20th day of June, 1900, enter upon and eject the plaintiff from the land described in the petition and withholds same from the possession of plaintiff, to his damage in the sum of $5000.  The prayer of this petition is for rents, for restitution of the premises, and for damages.

To this second amended petition, defendant replied with its first supplemental answer containing plea to the jurisdiction, general and special demurrers, and plea of not guilty. On same day the court sustained the plea of privilege to the jurisdiction and first special demurrer to the same effect, as contained in said supplemental answer, and ordered this cause dismissed at plaintiff's costs.

The first, second, and third assignments of error complain of the ruling of the trial court in sustaining the defendant's motion to dissolve the temporary injunction on the grounds before stated. It is unnecessary for us to decide the questions raised by these assignments. Plaintiff's first amended petition filed in this case on November 16, 1901, set up no facts which would entitle him to an injunction and no such relief is asked, the only cause of action asserted in said petition being trespass to try title. This is also true of the second amended petition. The allegations in said petition in regard to the original suit for injunction and the issuance of said temporary injunction are not made as a basis for any present relief by injunction, nor is any such relief prayed for. By these pleadings plaintiff abandoned his suit for injunction, and if it be conceded that he might have combined such suit with his action of trespass to try title, the fact remains that he has not done so, and it is therefore unnecessary for us to determine whether said injunction was properly dissolved, no such issue being raised by the pleadings now in the case.

The remaining assignments of error all attack the judgment of the court below in sustaining defendant's plea to the jurisdiction of the court, plaintiff's contention under said assignments being: (1) That the District Court of Nueces County had jurisdiction of the original suit for injunction and said suit was properly brought in Nueces County, same being the county in which defendant corporation has its domicile. (2) That by filing its motion to dissolve before entering a plea of privilege to have the suit brought in the county in which the land was situated the defendant waived its right, if any it had, to insist on such privilege. (3) That the court having obtained jurisdiction to try the original suit, it retained jurisdiction for all purposes regardless of what subject matter may have been added to the litigation by amendment of the peladings.

Conceding the soundness of these contentions considered as abstract statements of the law, we do not think they are applicable to the case presented. As before stated, plaintiff by his amended petition abandoned his original suit for injunction, and the cause of action to which defendant's plea to the jurisdiction was sustained was simply a suit of trespass to try title, which the statute says must be brought in the county in which the land is situate. It is not contended that defendant failed to promptly present his plea to the jurisdiction as soon as the amendment was filed, and admitting for the sake of argument that it had waived its right to insist upon its plea to the jurisdiction in the original

suit, it would not be thus cut off from insisting on such plea as against the new and sole cause of action as set up by the amendment. We think the plea to the jurisdiction was properly sustained, and the judgment of the court below is affirmed.

*Affirmed.*