## PECK & HICKERNELL v. BOWERS OIL CO. (No. 2048.)*

(Court of Civil Appeals of Texas. Amarillo. Nov. 29, 1922. Rehearing Denied Jan. 10, 1923.)

1. Venue ⬤⟾61—Change of venue should be made at earliest opportunity.

It is generally recognized that a change of venue should be made at the earliest opportunity, and it is incumbent upon the applicant to explain seeming lack of diligence on his part.

2. Venue ⬤⟾61—Denial of motion for change of venue as coming too late held not abuse of discretion.

Where an action was continued over the objection of plaintiffs and set down for trial on a day certain and called for trial on that day and because late in the day was passed until the next morning, at which time defendants sought a continuance on the ground that the case was called on the day certain without notice and passed over to the next day, which was overruled, and defendants sought a second continuance on account of absence of witnesses, which was overruled, and then asked to file an application for change of venue, it was not an abuse of discretion for the court to deny the application as coming too late.

3. Continuance ⬤⟾51 (5)—Denial of motion for second continuance for absent witness held not erroneous.

In an action to foreclose a vendor's lien, the denial of a second continuance for absent witness, where the facts sought to be shown by the witness, as stated in the application, would not have assisted plaintiffs in an additional recovery, held not erroneous.

4. Continuance ⬤⟾14(8)—Refusal of continuance to make parties held not erroneous.

In an action to foreclose a vendor's lien, the refusal of a continuance to make parties where it was not shown that they had asked for citation and none shown to have been issued, and no showing why the parties should be brought in, was not erroneous.

Appeal from District Court, Wilbarger County; J. A. Nabers, Judge.

Action by the Bowers Oil Company against Peck & Hickernell. From a judgment for plaintiff, defendants appeal. Affirmed.

F. M. Kemp, of Austin, for appellants.
Berry, Stokes & Killough and Bonner, Storey & Storey, all of Vernon, for appellee.

HUFF, C. J. This is an appeal from a judgment in favor of the Bowers Oil Company, appellee, against the appellants, Peck & Hickernell, for the sum of $27,799.62, and a foreclosure of an implied vendor's lien upon certain leased property. The action as brought by appellee against appellants is based on a written contract of sale of certain mineral and oil rights on two certain

tracts of land in Wichita county, Tex., the petition setting out the terms of the contract, the contract price for the land being $75,000, of which there was cash paid at the execution of the contract $25,000, and the balance, $50,000, the appellants were to pay on debts owing by appellee, and if they did not amount to that much the overplus was to be paid to the appellee. The appellants were to comply with their contract within 90 days. It was alleged they did not show compliance, and that the appellee was compelled to pay approximately $12,000 on debts contracted to be paid. There are other necessary allegations in the petition. The trial in which judgment was rendered was had upon an amended petition which only sought an establishment of the debt and foreclosure of the lien. Originally the suit had been brought to rescind the contract and to have a receiver appointed. The case was filed on the 12th of March, 1921, and it appears thereafter the case was heard on the application for receiver before the court. The court refused to appoint a receiver, and one of the grounds for such refusal is stated as that arrangements had been made that the oil runs from oil wells on the land should be applied on or held for application to the balance due under the contract. The record is quite voluminous as well also are the pleadings, but the above is believed a sufficient statement at this place.

The first and second propositions assert error on the part of the trial court in refusing to change the venue of the suit under articles 1912 and 1913, R. C. S.

After the court refused to appoint the receiver the case was continued for trial on the other issues. The district court of Wilbarger county convenes in February and September of each year, and after March 12th the case was carried over until the September term of the court, at which time the trial court states, in qualifying the bill of exception in this case, that the appellants, defendants below, continued the case over the protest of plaintiffs, the appellees here, who were ready for and demanding a trial at that time. At the February term, 1922, the case was set down for trial for the 27th day of February, 1922. It appears from the bills of exception that some other case was on trial, and it was not called until in the afternoon of the 27th. The appellees were present by attorneys and announced ready for trial, and the case was passed over until the next morning, the 28th, at which time counsel for appellants appeared and objected to proceeding with the case on the ground that he was not present on the 27th and had no notice that the case was called at that time, and sought to postpone the case because he had no such notice, the court stating that the case had been called in its regular order, and that it was also called on the day it was set for trial, and he declined to postpone or continue the case on the

ground that it was called on the 27th, in the afternoon, without giving counsel for appellants notice. Thereupon counsel for appellants said he was not ready to go to trial because of the absence of some witness and desired time to make application for continuance. It seems to have been agreed that he might state his application verbally and afterwards reduce it to writing, which he did, and the court overruled his motion, when the court stated he had overruled the motion. Appellants said they wanted time to file a motion for change of venue. Counsel for the appellee at that time objected to the filing of an application to change the venue as being too late, and the court announced that they could consider the motion filed and proceeded with the trial of the case. On the day following, March 1st, it appears that the appellant filed his application for a change of venue, alleging that there was a combination against them, instigated by influential persons, by reason of which they could not expect a fair and impartial trial, that there had been much agitation among the stockholders of the company, of whom there were several hundred in the county, and that it would make a fair and impartial trial in the county impossible. There does not appear to have been any attention called to this motion or application until the 4th of March, which was the day of adjournment of the court. The appellee filed the proper controverting affidavit at that time, but before doing so they made a motion to strike out the application to change the venue because it came too late. The court seems to have overruled that motion, and the appellants filed a motion to strike out the contest and change the venue. The court overruled that motion. It seems on the 4th of March the trial court heard the issues on the change of venue upon the issues made by the application and the controverting affidavit. The court heard the evidence introduced by both parties thereon and finds that the matter of change of venue was not mentioned until after defendant's motion for continuance was overruled, that the allegations in said application are not sustained by the proof, and the court further finds that the defendant could and did have a fair and impartial jury trial of said cause. The court also on that day overruled the appellant's motion for a new trial. It seems that the verdict and judgment had been entered before the hearing on the application for change of venue. The application for change of venue seems to have had marked on it, "Filed February 28th," but appellant, in one of his motions or bills, admits that it was not actually filed until March 1st, but that he understood from the court's statement that it could be considered as filed on that date, and that it should be marked as filed of that date. The court finds in one of his orders or qualifications to a bill that it was not actually filed until March 1st.

The record presents an anomalous condition, that is, there would be as many as two orders on the same question and not in the same language, but it seems that the trial court, in every order that he made, signed it as judge, and we have followed those orders signed by him as being true orders.

[1] The proceeding followed by appellant in seeking to obtain a change of venue was, to say the least of it, very irregular. It is generally recognized that a change of venue should be made at the earliest opportunity, and it is incumbent upon the applicant to explain seeming lack of diligence on his part. 4 Enc. of Pl. & Pr. 421.

[2] This case had been pending in the court nearly a year. A hearing had been had as to the receivership. The case was continued at the September term by appellants, over the objection of appellees, and at the next term thereafter the case was set down for trial on a day certain and called for trial on that day, and, because late in the day, was passed until the next morning, at which time appellants by their attorney, sought to continue on the ground that the case was called on the day set without giving him notice and passed over to the next day. After that motion was overruled he then sought to continue on account of the absence of a witness. After overruling that motion he then, for the first time, asked time to file an application for change of venue. The objection was made by appellee that his application was too late. The court apparently sustained this objection, but stated the application could be then considered filed. There is no excuse presented exonerating appellants from negligence. If it was too late as determined by the court, there was no necessity for a controverting affidavit. If it had been timely, it is doubtless true, if there had been no controverting affidavit, the court should have changed the venue. It was early said by our Supreme Court, in a case upon facts analogous to the present ones:

"The application for a change of venue came too late to entitle it to favor, or to consideration as a matter of right, especially as the delay in prosecuting it was not explained. It is the right of a party, on compliance with the requirements of the law, to have a change of venue; but this, like every other right, must be asserted within a convenient and reasonable time. This does not appear to have been done in the present case, and, under the circumstances, we cannot say that the court did not exercise a sound discretion in refusing to give further time." Cook v. De La Garza, 9 Tex. 358.

The above rule is recognized in the case of Ellis v. Stearns (Tex. Civ. App.) 27 S. W. 222, in the following language:

"We understand that parties litigant must assert their rights before the trial court, as a rule, at such a stage of the proceedings as will not * * * delay the business of the court.

It is the right of the trial court to so govern its proceedings as to secure orderly dispatch of its business."

The record in this case presents irreconcilliable contradictions and a most unusual situation. Apparently it is the contention of appellants, because the trial court stated on the day of the trial that the motion could be considered as filed, that, unless appellee instantly filed a controverting affidavit under article 1913, the court was required to change the venue. The trial court had no right to deprive appellee of its privilege to controvert the application. The appellants did not state in their oral request the grounds of their motion, and until the grounds were stated a reply could not very well be formulated. Under the circumstances of this case there is no error shown in permitting the contest filed when it was filed. The parties acquiesced in the proceedings, if it is to be held the court did not hold the application too late. It is true the courts hold after judgment or verdict the filing of the motion is not in time.

"It is too late to apply for a change of venue after the cause has reached for trial, after the trial has commenced, or even after the parties have announced themselves ready for trial and had the jury called. A motion to change the venue likewise comes too late after decision, verdict, or judgment pending a motion for new trial." 4 Enc. of Pl. & Pr. 426–428.

If, however, the trial court, in his discretion, postpone the hearing on that issue with the acquiescence of the parties in the absence of abuse of discretion or some injury shown therefrom, the case should not be reversed. Our Supreme Court has recognized the right to file an application after trial begun under the circumstances of that case. Salinas v. Stillman, 25 Tex. 12. The circumstances may be such that the court will be justified in hearing the application later. In the qualification of a bill of exception the court states counsel for appellant declared he did not desire to delay the trial provided he would be allowed to make application later on, and the trial court assented to his doing so. Having failed to file until the case had proceeded for more than a day, and having not then called it up for action until after verdict, we believe appellants should not be heard to insist that as a matter of right they were entitled to a change of venue because a contest was not sooner filed. Apparently appellants assented to a hearing later. If appellants obtained a hearing, they should be satisfied. That they did not obtain a change of venue doubtless resulted from the fact that the ground stated in the application did not exist. It is not contended that the court's findings in this particular were erroneous or injurious. Apparently appellants concede the court was correct in his findings. There is no abuse of discretion alleged or injury shown. In all cases where it is ap-

parent that the object of the application is delay, it should be denied. Under the record in this case the trial court would have been justified in finding the application was made for delay. It was not made until after other methods had been resorted to to secure a delay of trial. The court, however, did consent that it could be filed later so as not to defeat a trial, but, instead of at once demanding a hearing on it after it was filed, the appellants proceeded with the trial until after verdict. No action was demanded until after verdict and judgment. The trial court then gave a hearing on the facts and found the grounds stated therein not true. If they were not true, appellants were not entitled to a change of venue. It is not even intimated on this appeal that the findings of the court were without evidence, but, on the contrary, the admission would seem to be that the court's findings were true. A reversal is sought upon the bald technical ground that a controverting affidavit was not filed when appellants announced they were going to file an application for change of venue; and that under the statute which directs a change in the absence of a controverting affidavit. There was no necessity for a controverting affidavit until the appellants had called up their application for a hearing. We desire to say at this time the procedure in this case is not to be commended. Attorneys and courts, when it is possible, should proceed in an orderly and regular manner to dispose of preliminary matters, and not rest appeals upon bare technicalities where no injury is shown to have resulted.

The third and fourth propositions are that the finding of the jury in answer to issue No. 1 is contrary to the evidence, and that there is no evidence to support their finding as to issue No. 5. The propositions relate to a certain Dodge car, and whether it was included in the contract or assignment, which purported to include all personal property used in connection with the lease or the operation of the wells thereon. It seems from the evidence Mr. Key, one of the stockholders of the company, owned a car which had been used in connection with the operation of the company, but which in fact did not belong to the company. The issues which are assailed as without testimony inquire if it was a mutual mistake of the parties to the contract in including all personal property used in connection therewith, and whether it was inserted in the contract by mutual mistake, and there was also an issue inquiring if appellants agreed that the Dodge car should be excepted from the personal property. The jury found mutual mistake and also that appellants agreed that the Dodge car was not to be included in the transfer. The findings of the jury have support in the testimony, and the proposition will be overruled.

[3] The fifth proposition is based upon the refusal of the trial court to grant a continuance for the testimony of the witness who was one of the stockholders of the company. This application was a second for continuance according to the statement of the trial court, indorsed on a bill of exceptions. There was no diligence shown to obtain evidence of the witness or any excuse for not using diligence. It is further shown the verdict of the jury eliminated any injury. The fact sought to be shown by the witness, as stated in the application, was that the witness would testify that he represented the wells on the lease at the time of making the contract were producing 75 barrels per day, when in fact they were making less. The jury, in answer to issues, found that the witness so represented, and that the wells were not making the production represented. The appellants would have secured no more than the jury granted them had the witness been present. There was no error or injury shown in overruling the application.

[4] The sixth proposition is based on the failure of the court to grant a continuance to make parties. It was stated in the application that appellants had filed an amended pleading asking that three other parties be made parties to the action. They do not show that they had asked for citation, or at least none is shown to have been issued. There is no showing why the three parties should be brought in and made parties. Appellants were not entitled to continue to make parties unless they were shown to be necessary parties.

We believe the judgment should be affirmed.