## FARNHAM v. FIRST NAT. BANK OF EL PASO.

### No. 2393.

Court of Civil Appeals of Texas. El Paso.

May 15, 1930.

Rehearing Denied June 5, 1930.

J. E. Quaid, of El Paso, for appellant.

Turney, Burges, Culwell & Pollard, of El Paso, for appellee.

WALTHALL, J.

This case presents an appeal by J. Kate Farnham, a single woman, from an order of the district court of Reeves county sustaining a plea of privilege of the First National Bank of El Paso, ordering the cause of action transferred from the district court of Reeves county to the district court of El Paso county for trial.

A brief statement of the pleadings in the order in which they were filed in the trial court follows:

Appellant filed her original petition in a suit in the district court of Reeves county on December 1, 1927, against appellee and C. M. Caldwell of Taylor county, Tex., the nature of which suit was to set aside a judgment theretofore rendered, and sale thereunder, and the recovery of certain ranch lands in Reeves county, and, in the alternative, that she have set aside the deficiency part of said judgment in favor of the appellee bank.

To that suit appellee bank on April 23, 1928, answered by general demurrer and general denial.

On September 7, 1929, appellant filed her first amended original petition against the same parties defendants, seeking practically the same relief, including that of setting aside the deficiency judgment, as in the original petition. To that petition appellee bank on September 9, 1929, filed its first amended original answer. Thereupon, on the last-mentioned date at 1:30 o'clock p. m., appellant filed her second amended original petition making the appellee bank the sole defendant, omitting therefrom, as contained in her previous petitions, her suit to set aside the previous sale of the lands and recover

same, and seeks only to have set aside and released, for the reasons stated, the deficiency portion of the personal judgment rendered against her.

To the second amended original petition appellee bank, immediately and on the same date, and before it took any other action in said cause after the filing by appellant of her second amended original petition, filed its verified plea of privilege, in due form, to be sued in El Paso county, its only place of residence.

Appellant thereupon, and on the same day, filed her demurrers and controverting affidavit to said plea of privilege.

Omitting the demurrers and the formal parts of the controverting affidavit, the latter reads as follows:

"Without waiving the foregoing plaintiff sets up that said plea is insufficient because said cause of action is for the modification and settlement of a judgment taken in this court on November 24th, 1925, and numbered 2494 in the District Court of Reeves County, Texas, and in this connection refers to plaintiff's second amended petition filed September 9th, 1929, and more especially to paragraphs 9, 10, 14 and 19 of said second amended petition.

"This plaintiff sets out that there is no special exception as to venue existing in the plaintiff as shown by the second amended petition.

"Wherefore plaintiff prays judgment of the Court."

The above is signed by plaintiff's attorney, and verified.

In addition to the above the plaintiff on the same day filed the following: "Now comes plaintiff in answer to plea of privilege filed by the defendant on this the 9th day of September, 1929, and excepts to same because the defendant has already answered the same cause of action heretofore in his first amended answer filed herein on September 1929, and did not file a plea of privilege and waived any right thereto. Wherefore plaintiff prays that said plea of privilege be overruled."

The court overruled the plaintiff's exceptions and controverting affidavit, sustained defendant's plea of privilege, and entered an order transferring said cause to the Forty-First district court of El Paso county, to which ruling and order plaintiff excepted, gave notice, and prosecutes this appeal.

### Opinion.

■ Appellant submits that appellee's plea of privilege had been waived as a matter of law by its prior answers to appellant's original and first amended original petitions.

Appellant's cause of action, as pleaded by her in her original and first amended original petitions, was partly for the recovery of lands located in Reeves county and maintainable in the district court of Reeves county only. While the cause was pending in the court for the recovery of the lands, appellant had no ground for a change of the venue.

The second amended original petition made appellee the sole party defendant; it omitted the suit for the recovery of the land; the ground for setting aside the deficiency judgment is based solely on an allegation of breach of contract and confidence in entering the judgment in Reeves county, and other matters explaining her absence from court when the judgment was entered. We do not concur in appellant's contention that the cause of action was not changed by the filing of the second amendment; it omitted therefrom the only ground that necessarily made the cause triable in Reeves county. In McKinney's Texas Jurisprudence, vol. 1, § 120, p. 165, it is there said that: "Where the interposition of a plea in abatement becomes necessary for the first time by reason of the amendment of the plaintiff's petition, the plea comes in time if seasonably presented after the amendment."

■ The plea here was seasonably presented after the second amendment was filed. There is no question but that an amended petition entirely supplants all preceding petitions, and they cannot be looked to as stating the cause of action. L. Grief & Bro. v. Texas Cent. R. Co. (Tex. Civ. App.) 163 S. W. 345.

It is true, as suggested by appellant, that the second amendment contains no new pleas or grounds for setting aside the deficiency judgment, but, as said above, the second amendment omits and does not contain the only plea or ground which gave the Reeves county district court jurisdiction, suit for the land, and, when that was omitted from the second amendment, the plea of privilege was then for the first time available to appellee. It was immaterial that several terms of the court had gone by while the case was pending; if appellee's plea was not then available, there could have been no waiver in not earlier filing the plea of privilege, and appellant's demurrers had no application.

■ Appellant submits that the cause of action arose in Reeves county, as shown by the district court records, including the judgment complained of, and that, such being the case, it was the duty of the court to take notice of such records. It is true that the record of the judgment complained of was on the minutes of the court, but, if it was the duty of the court to inspect the record in support of the controverting affidavit, as suggested, which we do not hold, the court, by inspecting the record, would not probably know, or be charged with the knowledge that facts existed not in the judgment record. The court would know of such judgment and that it contained a deficiency judgment. The court certainly would not be charged with

knowledge of the grounds or the truth of the grounds pleaded for setting aside the deficiency judgment. Such grounds should be pleaded in the controverting affidavit, and, when pleaded, proved on the hearing of the plea. The latter part of article 2007, R. S., provides that, if the plaintiff desires to controvert the plea of privilege, he shall file a controverting plea under oath setting out specifically the fact or facts relied upon to confer venue of such cause in the court where the cause is pending. In discussing the venue statute in Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896, 898, our Supreme Court used the following language: "To deprive a defendant of the right of trial in the county of his domicile, the case against him must be within an exception to article 1830 [now Article 1995] of the Revised Statutes. With the venue challenged, under proper plea, by one sued without his county, as shown by the plaintiff's pleading, or by proof, the burden not only to allege but to prove that the case is within one of the exceptions to the statute rests on the plaintiff."

The court refers to many cases so holding.

Now here plaintiff's cause of action, in effect, is that a deficiency judgment has been caused to be entered by appellee against appellant, when it was agreed by appellant and appellee before judgment was entered that in entering said judgment no deficiency judgment would be entered. The gravamen of appellant's complaint or cause of action for setting aside the deficiency part of the judgment is the agreement and its breach by appellee. It must be pleaded in the controverting affidavit and made to appear in the proof, to bring the cause of action within one of the exceptions, that such was the agreement and made in Reeves county, and the breach of it by entering the deficiency judgment in the judgment rendered. We have in the record only the controverting plea. The plea refers to the second amended petition in which the agreement and the deficiency judgment are stated. The plea is verified, but it is only a pleading, and serves only as such. Like any other pleading it tenders the issue upon which proof may be offered. The statute requires its verification as a pleading.

■ Conceding that the controverting affidavit is sufficient as a pleading upon which proof may be offered, the record does not show that proof was offered to prove the truth of the facts alleged in the controverting plea. No statement of facts is found in the record. As said in the Coalson v. Holmes Case, supra, where the defendant is sued out of the county of his residence, and the defendant by proper plea asks the suit be in the county of his residence, the burden then is on the plaintiff "not only to allege but to prove that the case is within one of the exceptions to the statute." The controverting plea does not prove the agreement but, by reference to the petition, shows only that such agreement was alleged; it does not prove that a deficiency judgment was entered, but only that such judgment was alleged to have been entered.

We have concluded from the record before us that it is not sufficiently made to appear that the case is within any one of the exceptions to the statute. The case is affirmed, and it is directed that the appeal no longer suspends the transfer of the venue as ordered by the trial court.