## GOSSETT et al. v. LONE STAR BUILD-ING & LOAN ASS'N et al.

### No. 11109.

Court of Civil Appeals of Texas. Galveston.

Aug. 1, 1940.

Rehearing Denied Oct. 3, 1940.

Gerald C. Mann, Atty. Gen., Wm. J. Fanning, Lloyd Armstrong, and Ocie Speer, Asst. Attys. Gen., and Joe Goodwin, of Austin, for appellants.

J. L. Webb, of Houston, for appellees.

MONTEITH, Chief Justice.

This is an appeal from an order overruling a plea of privilege in an action brought in the district court of Harris County by appellees, Lone Star Building & Loan Association and its officers and directors, against appellant, Z. Gossett, Banking Commissioner of the State of Texas, and Gerald C. Mann, Attorney General, in which appellees sought a temporary restraining order enjoining appellants from taking any action looking to their removal as officers and directors of the Lone Star Building & Loan Association, or interfering with their functions as such, until a hearing thereon was had in the district court of Harris County.

The Banking Commissioner duly filed his answer as such Banking Commissioner in said suit. Thereafter, appellees filed their first amended original petition, wherein for the first time they made Attorney General Mann a party defendant, and sought damages against both him and the Banking Commissioner, individually.

After the filing of said first amended original petition, appellants, Gerald C. Mann, Attorney General, and, Z. Gossett, Banking Commissioner, duly filed their respective pleas of privilege to be sued in Travis County, the county of their residence. In due time appellees filed their controverting affidavits, in which they claimed venue in Harris County.

Upon a hearing on the allegations of said pleas of privilege and controverting af-

fidavits, appellants' pleas were overruled. They appeal from this order.

In their original petition appellees alleged that the officers and directors of the Lone Star Building & Loan Association received a letter from said Banking Commissioner advising them that there would be a hearing on April 24, 1939, for the purpose of determining whether or not the officers and directors of said Association should be removed. They alleged that they would suffer irreparable injury if said Commissioner was permitted to take the course he proposed. They sought a temporary restraining order enjoining the Banking Commissioner from taking such action without court procedure, and that upon final hearing said injunction be made permanent.

A temporary restraining order was issued on April 20, 1939, restraining the Banking Commissioner from taking any action looking to the removal of appellees as said officers and directors of said Association.

Upon a hearing in the 55th Judicial District Court of Harris County on May 23, 1939, the temporary restraining order which had previously been granted by that court was dissolved, and the Banking Commissioner again gave notice to appellees that there would be a hearing in Austin, Texas, on May 31, 1939, for the purpose of determining whether or not they should be removed as officers and directors of the Lone Star Building & Loan Association. Said hearing was had and an order was entered by the said Z. Gossett, Banking Commissioner, on June 13, 1939, removing appellees from their respective offices in said Association. Thereafter, a copy of said order was mailed to each of appellees.

On July 6, 1939, after they had been notified of their removal as officers and directors of said Association, appellees filed their first amended original petition in said cause, wherein for the first time Attorney General Gerald C. Mann was made a party defendant. They sought by this amendment to abate another suit, which had been instituted by the State of Texas through the Attorney General in the 53d Judicial District of Travis County, wherein the State sought to forfeit the charter of the Lone Star Building & Loan Association, and to liquidate and dissolve its affairs, and to obtain an injunction against the Attorney General and the Banking Commissioner from prosecuting said action. They also sought for the first time by this amendment to recover of and, from both Gerald C. Mann and Z. Gossett, individually, damages in the sum of $10,-000 for the alleged wrongful acts of appellants in removing them from their positions as officers and directors of the Lone Star Building & Loan Association, and for their action in filing and prosecuting said suit in the district court of Travis County.

The only evidence introduced on the trial of said plea of privilege was the testimony of Kenneth Krahl, who testified that he was Vice President, Attorney, and Director of the Lone Star Building & Loan Association; that he and the other directors, with one exception, lived in Harris County and that said corporation was domiciled therein. It was stipulated by the parties that the Attorney General and the Banking Commissioner, officially, resided in Travis County. There is no evidence in the record that either of appellants resided in Harris County.

It was agreed by all parties that when appellees filed their original petition in said cause, the venue was properly laid in Harris County as to the cause of action therein asserted, in that said cause was a statutory action brought under Art. 881a—32, Vernon's Ann.Civ.St., which provides that the Banking Commissioner of Texas may remove any officer or director from any Building & Loan Association for just cause, specified by him, after ten days' notice in writing to such person. Said act provides that any officer or director so notified of the intention of the Commissioner and feeling himself aggrieved by such removal shall have a right to appeal to the district court of his residence for a writ of injunction to restrain such removal, as in original injunction cases.

It is the contention of appellants that when the Banking Commissioner, in the exercise of his statutory authority to do so, made said order removing the officers and directors of said Association, the then pending suit was no longer effective or apt, and that the whole matter became moot as a matter of law, and that when appellees filed their first amended original petition, making the Banking Commissioner and the Attorney General parties to said suit, they set up an entirely new cause of action for damages for the alleged wrongful removal of said officers and directors.

An analysis of the pleadings convinces us that this is true. The subject matter presented in the original petition is limited to preventive relief, whereas the cause of action asserted in appellees' first amended petition is legal in its nature and seeks compensatory relief by way of pecuniary damages for the alleged wrongful conduct of the Banking Commissioner and the Attorney General in removing the officers and directors of the Lone Star Building & Loan Association.

The cause of action set up in said amended pleading is, in no sense, an action to restrain the removal of appellees as officers and directors of Lone Star Building & Loan Association, the venue of which would lie in Harris County, since appellees allege in said pleading that the Banking Commissioner had, prior to the date of the filing thereof, at a hearing provided by statute and set for that purpose, and after the dissolution of the restraining order previously entered, ordered their removal as such officers and directors. It was not contended by appellees that they had received notices from said Banking Commissioner of an additional hearing, looking to their removal as such officers and directors, or that such an act was contemplated.

It follows that the cause of action set up in said amended pleading is necessarily asserted for the first time therein, and since it is the settled law in this state that an amended pleading entirely supersedes an original pleading, Taylor v. San Antonio Joint Stock Land Bank, Tex.Civ. App., 101 S.W.2d 868, the venue in this action would unquestionably be determined by the allegations contained in appellees' first amended original petition.

It necessarily follows that appellants' pleas of privilege were duly filed, since they were filed after the date of the filing of appellees' first amended original petition in which they, for the first time, alleged a new and different cause of action from that set up in their original petition. Fant v. Kennedy Pasture Company, 29 Tex.Civ.App. 530, 69 S.W. 420; Farnham v. First National Bank of El Paso, Tex. Civ.App., 28 S.W.2d 883.

Under the above facts, no grounds for the maintenance of this action in Harris County having been shown in appellees' first amended original petition, the judgment of the trial court overruling appellants' pleas of privilege is reversed and the cause remanded, with instructions that it be transferred to the district court of Travis County.

Reversed and remanded, with instructions.