## SHIELD v. FIRST COLEMAN NAT. BANK.

### No. 2549.

Court of Civil Appeals of Texas.
Tenth District.

Oct. 21, 1943.

Rehearing Denied Nov. 24, 1943.

Donald & Donald, of Bowie, Baker & Baker, of Coleman, Joe Cleveland and J. W. Chancellor, both of Bowie, for appellant.

E. M. Critz, of Coleman, for appellee.

TIREY, Justice.

This is an appeal by I. O. Shield from an order overruling his plea of privilege to be sued in Montague County, Texas.

Point 1 is in part: "Where a resident defendant is dismissed from a law suit only at the conclusion of the trial thereof, a plea of privilege for the first time and then only becomes available to the other defendant, and all of his pleadings and his participation in the trial of the case cannot be considered as a waiver of his right to be sued in the county of his residence * * *." The application of this proposition to the undisputed record in this cause, in our opinion, precludes the appellant from any relief.

The Bank brought this suit in Coleman County against I. O. Shield and Mrs. Ema Shield (a resident of Coleman County, Texas), a feme sole and independent executrix of the estate of Leon L. Shield, on May 13, 1939. The Bank sought to recover a deficiency judgment against each of the defendants for 6/25th of a balance claimed to be due the Bank on a series of notes secured by deed of trust on real estate in Coleman after all credits on said note had been allowed from proceeds from sale of the lands by the substitute trustee. On May 30, 1939, the Bank took judgment by default against I. O. Shield, as prayed for, and said default judgment further recited that the defendant, Mrs. Ema Shield, had not been served with citation and that she had not filed an answer in the cause and "she is hereby dismissed out of this suit without prejudice to any cause of action plaintiff may have against her." In September, 1939, I. O. Shield filed his original bill of review to set aside said default judgment. In this bill of review Shield alleged that he had a complete defense to the Bank's cause of action and referred to original answer which he filed on September 4, 1939. Paragraph 1 thereof, in part, averred that plaintiff's petition is defective "in that all of the necessary parties defendant are not joined in this suit; for it appears from said petition that plaintiff's cause of action is based upon the execution of certain notes claimed to be executed by I. O. Shield, Mrs. Vera Shield, Leon L. Shield, Mrs. Ema Shield, Karl Wallace, Camille Shield Wallace, Shield Brown, Mary Brown and Elgean Shield, such note being a joint obligation on the part of all parties executing said note, and, therefore, the plaintiff is without right to summarily adjudge the equities existing between all signers, and thereby omit making all the signers of said note parties defendant, unless such parties be non residents or notoriously insolvent, and there being no allegations to that effect, such petition is defective, because it has not joined as parties defendant the following named persons: Mrs. Vera Shield, Karl Wallace, Camille Shield Wallace; Shield Brown, Mary Brown and Elgean

Shield; for this defendant says that such parties are necessary parties defendant * * * and by reason of no joinder of such parties defendant * * * no right in law exists for such suit to be further prosecuted herein"; defendant prayed that the cause of action be abated until all the parties named be made defendant; and verified the foregoing allegations; paragraph 11 of said answer, in part, further averred: "* * * that the obligation (upon) which plaintiff attempts to base its purported cause of action * * * appears to be a joint obligation on the part of all the signers thereof, and, therefore, the plaintiff has no right to disjoin the liabilities created thereby * * * (the record does not show any amended answer)"; thereafter by agreement of the parties the judgment by default against I. O. Shield was set aside and the cause was set down for trial for the January term, at which time the cause proceeded to trial on the merits (no plea of privilege having been filed), and judgment was rendered against I. O. Shield for $5,058.25, and he appealed. See Shield v. First Coleman Nat. Bank, Tex.Civ.App., 160 S.W.2d 277; First Coleman Nat. Bank v. Shield, 140 Tex. 117, 166 S.W.2d 688, writ of error granted on application of Bank. The Bank's original petition was not amended nor does the docket entry show any dismissal of Mrs. Ema Shield as executrix or otherwise, nor does the record show she had been served with citation or that she had appeared and answered before the case was called for trial on the merits. The judgment entered in the trial court on January 29, 1940, provided among other things: "That the defendant Mrs. Ema Shield, individually and as independent executrix of the estate of Leon L. Shield, deceased, has not been served with citation and has not answered herein, it is further ordered that she be and is hereby dismissed out of this suit." On January 9, 1943, Shield filed in the trial court his motion for permission to withdraw all pleadings heretofore filed in his behalf in order that he be allowed to file plea of privilege. On January 11, 1943, Shield filed plea of privilege in statutory form to be sued in Montague County. On January 11, 1943, the Bank filed its controverting plea to the plea of privilege. The mandate of the Supreme Court was filed with the clerk of the trial court on January 12, 1943. By agreement of the parties Shield's motion to withdraw his pleadings, his plea of privilege and the controverting affidavit thereto were heard together, and the trial court overruled Shield's motion to withdraw his pleadings and overruled Shield's plea of privilege to be sued in Montague County. Shield duly excepted and prosecuted his appeal from such order.

Appellant's contention is that, notwithstanding Mrs. Ema Shield was never served with citation and that she did not appear or answer in the cause and was dismissed by default judgment entered in May 1939, no duty rested upon Shield to file and present a timely plea of privilege to be sued in Montague County before this cause was tried on its merits. We cannot agree with this contention. Notwithstanding the fact that after Shield had obtained notice of the default judgment, which judgment dismissed his codefendant out of the suit, Shield, in his answer filed September 4, 1939, contended that all the rest of the signers of the note sued on should be made parties, which pleading specifically named the parties; and notwithstanding that it appears from the record that the default judgment was set aside by agreement of the parties and the order was entered January 29, 1940; and notwithstanding the further fact that Mrs. Ema Shield had not been served with citation and had not appeared and answered when the cause came on for trial on the merits, I. O. Shield made no request for permission to withdraw the original answer theretofore filed by him for the purpose of permitting him to file his plea of privilege, nor did he tender such plea to be filed. Under the factual situation here presented, it is clear to us that Shield impliedly waived his right to file plea of privilege, and the court did not err in overruling his motion (filed January 9, 1943) to withdraw his original answer, and likewise did not err in overruling his plea of privilege (filed January 11, 1943). Lacy v. Lacy, Tex.Civ.App., 122 S.W.2d 1104. What was a reasonable time in which to present such motion and such plea of privilege, under the facts presented, was a matter for the trial court to pass upon, and we think the court's decision on this matter is correct. Nor is our view in conflict with the rule announced in Farnham v. First Nat. Bank, Tex.Civ.App., 28 S.W.2d 883; Wood v. Fulton Property Co., Tex.Civ. App., 90 S.W.2d 617; Fant v. Kenedy Pasture Co., 29 Tex.Civ.App. 530, 69 S.W. 420, 421; Stephens County v. J. N. Mc-

Cammon, Inc., Tex.Civ.App., 54 S.W.2d 880, 882, reversed Tex.Com.App., 89 S.W. 2d 984; State v. Tyler County State Bank, Tex.Civ.App., 261 S.W. 414, 418, reversed on other grounds, Tex.Com.App., 277 S.W. 625, 42 A.L.R. 1347. See, also, 43 Tex.Jur. 797, § 73; 1 Tex.Jur. 165, 166.

Since we are of the opinion that Shield impliedly waived the right to file and present his plea of privilege before this cause was tried on the merits, all other questions raised by the appellant passed out of the case and further discussion would be of no avail. Bailey v. Federal Supply Co., Tex. Com.App., 287 S.W. 1090; Peck & Hickernell v. Bowers Oil Co., Tex.Civ.App., 246 S.W. 751-753, writ dismissed.

Our attention has been called to certain statements on page 12 in appellant's brief which criticize the attorney for appellee. We think it would serve no useful purpose to set out the language, but we have considered the same very carefully and think that the criticism is wholly unwarranted and should be stricken. Accordingly, on page 12, line 14, the sentences beginning with "this situation" and continuing through the words "right thereby" in line 27 of said page, are hereby stricken, and the clerk is ordered to make this deletion.

The judgment of the trial court is affirmed.