Donald B. YARBROUGH, Appellant,

v.

JOHN DEERE INDUSTRIAL EQUIP-MENT COMPANY, Appellee.

No. 18646.

Court of Civil Appeals of Texas, Dallas.

July 7, 1975.

Richard J. Reese, Donald B. Yarbrough, Parks & Yarbrough, Houston, for appellant.

James A. Ellis, Jr., Carrington, Coleman, Sloman, Johnson & Blumenthal, Dallas, for appellee.

GUITTARD, Justice.

On this venue appeal the question is whether the appellant Donald B. Yarbrough is a "necessary party" within subdivision 29a of Tex.Rev.Civ.Stat.Ann. art. 1995 (Vernon 1964). We hold that he is a necessary party, and, accordingly, we affirm the order overruling his plea of privilege.

The suit was brought in Dallas County by John Deere Industrial Equipment Company against Yarbrough and Huntsville Equipment Company. The petition alleges that by virtue of a security agreement signed by Huntsville, plaintiff had a security interest in a certain machine known as a "laser system," that Huntsville had defaulted in its payments, that defendant Yarbrough was in possession of the machine, and that Yarbrough had demanded payment of the sum of $2,047.83, not owed by plaintiff. The petition prays for foreclosure of plaintiff's security interest and for judgment declaring that plaintiff was not indebted to Yarbrough. Yarbrough filed a plea of privilege to be sued in Harris County. Plaintiff responded with a controverting plea alleging under oath the facts stated in the petition and further alleging that the court had venue of the foreclosure action against Huntsville under subdivision 5 of article 1995, since the contract specified payment in Dallas County, and that Yarbrough was a necessary party under subdivision 29a of that statute. By overruling the plea of privilege, the trial court impliedly found that Yarbrough was in possession of the property.

Yarbrough contends that he is not a necessary party because, he says: (1) the evidence shows conclusively that he was not in possession at the time of the venue hearing; (2) he disclaimed any interest in the property in his testimony at the hearing; and (3) the possession issue is moot by reason of repossession by plaintiff after the hearing. We conclude that none of these grounds require reversal.

### 1. Possession of Property

The issue of possession is relevant to a determination of whether Yarbrough is a necessary party to the foreclosure action. The general rule is that a defendant is a "necessary party" under subdivision 29a if the complete relief to which the plaintiff is entitled as against another defendant properly suable in the county under a different exception to article 1995 can be obtained only in a suit to which both defendants are parties. *Union Bus Lines v. Byrd,* 142 Tex. 257, 177 S.W.2d 774, 775 (1944). In a foreclosure action, joinder of a person in possession under a subsequent conveyance or junior lien from the original mortgagor is necessary to complete relief because otherwise the purchaser at the foreclosure sale would have to file another suit against the person in possession before he could obtain possession of the property. *Pioneer Building & Loan Ass'n v. Gray,* 132 Tex. 509, 125 S.W.2d 284, 287 (1939); and see *Shaw v. Allied Finance Co.,* 161 Tex. 88, 337 S.W.2d 107, 109 (1960).

We find the evidence sufficient to support the trial court's implied finding that Yarbrough had possession of the property at the time of the venue hearing. His testimony shows that he had formerly held a second lien on the property. He admitted that before the present suit was filed he had recovered in a district court of Harris County a judgment ordering the property delivered to him in satisfaction of his claim. Copies of the judgment and the writ of possession issued under it are in evidence. The evidence further shows that Yarbrough had filed a motion in the Harris County case to recover damages against the sheriff of Walker County for failure to execute the writ, but had dismissed that motion on entry of an agreed order directing the sheriff

to deliver the property to him. Yarbrough testified that the machine had been misplaced in the sheriff's office and that four or five days before the present venue hearing the sheriff had telephoned him, saying that the equipment had been found and asking him to come and pick it up. Yarbrough testified further that at the time of the venue hearing the machine was in the physical custody of Dillon Murchison, president of defendant Huntsville Equipment Company. Murchison's connection with Yarbrough is unclear, but Yarbrough admitted that Murchison was authorized to write letters on the stationery of Yarbrough's law firm, and Murchison's name is listed on the firm's letterhead, as shown by a letter from Yarbrough to the trial judge, which appears in the transcript. Since Yarbrough was entitled to receive the property from the sheriff and the sheriff offered to deliver it to him, the inference may be drawn that Murchison was acting on Yarbrough's behalf in receiving the property.

This testimony was sufficient for the judge to conclude that Yarbrough had possession of the property in the sense of actual control, although it may have been physically in Murchison's custody. A person is in possession of a chattel if he has control of it and intent to exercise such control. Restatement (Second) of Torts § 216 (1965); and see *Citizens First National Bank v. Rushing,* 433 S.W.2d 741, 745 (Tex.Civ.App.—Tyler 1968, no writ); *Burch v. Mounts,* 185 S.W. 889, 892 (Tex.Civ.App. —Amarillo 1916, writ ref'd). The possessor need not have immediate physical control if someone else is exercising that control on his behalf. Restatement (Second) of Torts § 216, comment *d* (1965); *National Fire Insurance Co. v. Davis,* 179 S.W.2d 316, 318 (Tex.Civ.App.—Eastland 1944, writ ref'd w. o. m.).

Yarbrough attempted in his testimony to explain that Murchison was acting for the joint benefit of all the parties in receiving the property from the sheriff and keeping it pending disposition of the present suit.

He alludes to a letter from plaintiff's counsel proposing such an arrangement, although the letter was not offered in evidence. This testimony can be interpreted as supporting rather than negating plaintiff's allegations that Yarbrough was a necessary party, since it indicates that he had sufficient control over the property that plaintiff could not have effective foreclosure relief without a judgment binding on him.

Further evidence of Yarbrough's control over the property is his testimony that he had no objection to plaintiff's taking immediate possession "if they will just come and get it." This assurance suggests that Yarbrough had power to dispose of the property and that unless he is bound as a party to the foreclosure judgment a purchaser at the foreclosure sale would not be able to get possession if Yarbrough should later decide to keep it under his control.

### 2. Defendant's Disclaimer

Neither is the necessity of Yarbrough's presence in the suit negated by his disclaimer. At the venue hearing he testified that he had no claim to the machine, that he had never asserted any claim to it, that he had executed a release of his second lien before the suit was filed.

This testimony does not establish that Yarbrough was not in possession of the property at the time of the hearing. In view of the evidence that Yarbrough had recovered a judgment for possession and had made a claim against the sheriff for refusal to deliver the property to him the trial judge was justified in regarding with skepticism Yarbrough's statement that he had never asserted any claim to the property. Although the disclaimer may be a judicial admission that would preclude him from making any defense to the foreclosure action or to any subsequent suit for the property, it did not establish that plaintiff could get complete relief in the foreclosure action without joining him as a defendant.

■ Moreover, a defendant's admission that plaintiff is entitled to recover on the merits of one of several causes of action alleged in the petition does not defeat venue unless the defendant proves that the cause of action so admitted was alleged fraudulently for the purpose of conferring venue. *Boettcher v. Federal Land Bank,* 142 S.W.2d 272, 274 (Tex.Civ.App.—Galveston 1940, writ dism'd). Such an admission may require judgment for plaintiff on the merits of that cause of action, but it does not negate the allegations of venue in the controverting plea.

### 3. Repossession by Plaintiff

■ Finally, we consider Yarbrough's contention that the question of his possession of the property is moot and has no bearing on whether he is a necessary party because after the venue hearing the property was delivered to an agent of plaintiff. The only indication in the record of such repossession by plaintiff is a letter from Yarbrough to the trial judge, to which was attached a copy of a receipt stating that Stephen C. Miller, Jr., whose signature it purports to bear, is an agent of John Deere Industrial Equipment Company and had received the property on January 17, 1975. The record contains no other evidence identifying Miller, and neither does it contain any statement under oath that plaintiff has taken possession of the property.

■ Since the receipt appears to have been signed after the close of the venue hearing, it can have no bearing on this appeal. It does not make the venue issue moot, since Yarbrough is still asking that the trial court's order be reversed and that his plea of privilege be sustained with respect to the declaratory judgment action alleged in plaintiff's petition. Plaintiff's repossession of the property, if properly proved, might render the foreclosure action moot with respect to defendant Yarbrough. We need not decide whether in that event Yarbrough would be entitled to renew his plea of privilege with respect to the declaratory judgment action. *See Adams v. Johnson,* 298 S.W. 265, 266 (Tex.Comm'n App.1927, jdgmt. adopted); *Farnham v. First National Bank,* 28 S.W.2d 883, 884 (Tex.Civ.App.—El Paso 1930, no writ); *Fant v. Kenedy Pasture Co.,* 29 Tex.Civ. App. 530, 69 S.W. 420, 421 (Tex.Civ.App.— Galveston 1902, no writ); 1 R. McDonald, Texas Civil Practice § 4.06 at 426 (1965); but *cf. Thomas v. Ellison,* 102 Tex. 354, 116 S.W. 1141, 1143 (1909). On this appeal it is necessary to hold only that the present record contains no pleading or proof establishing that Yarbrough was entitled to renew his privilege after close of the venue hearing by reason of plaintiff's repossession of the property.

Affirmed.