## L. GRIEF & BRO. v. TEXAS CENT. R. CO.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 13, 1913. Rehearing Denied Jan. 17, 1914.)

**1. COURTS (§ 122*)—AMOUNT IN CONTROVERSY—AMENDED PLEADINGS.**

The filing of an amended petition entirely supplants the original petition, and it cannot thereafter be looked to, to ascertain whether the amount in controversy is sufficient to give the court jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413, 427; Dec. Dig. § 122.*]

**2. COURTS (§ 122*)—STATE COURTS—TEXAS—JURISDICTION OF COUNTY COURTS.**

In an action against a railroad company for the value of goods, the petition alleged the goods to be of the value of $186, and also claimed interest and attorney's fees amounting to nearly $80. Exceptions to the items of interest and attorney's fees were sustained, and they were stricken. *Held*, that the county court properly dismissed the petition; the sustaining of the exceptions having reduced the amount in controversy to less than $200.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413, 427; Dec. Dig. § 122.*]

**3. COURTS (§ 122*)—PLEAS IN ABATEMENT—TIME OF FILING.**

Where plaintiff, after exceptions had been sustained to some items of damage laid in its original petition, filed an amended petition, alleging greater damages, defendant may then plead in abatement that plaintiff fraudulently misstated the amount of the damage to give the court jurisdiction, notwithstanding its previous answer to the original petition.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413, 427; Dec. Dig. § 122.*]

**4. ABATEMENT AND REVIVAL (§ 81*)—PLEAS IN ABATEMENT—TIME FOR FILING.**

As parties cannot, by consent, confer jurisdiction, where it otherwise does not exist, a plea in abatement that plaintiff in his amended petition had fraudulently stated the amount of the damage at such an amount as would give the court jurisdiction will be sustained, even though it was not presented seasonably after the filing of the amended petition.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 10, 22, 175–177, 225, 499–504, 506; Dec. Dig. § 81.*]

**5. ABATEMENT AND REVIVAL (§ 1*)—STATE COURTS — TEXAS — COUNTY COURTS — DISMISSAL.**

Where the amount in controversy is below jurisdiction of the county court, the action will be dismissed upon the plea in abatement of only one of the defendants that plaintiff fraudulently misstated the amount so as to give the court jurisdiction.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. § 1; Dec. Dig. § 1.*]

Appeal from Jones County Court; Joe C. Randel, Judge.

Action by L. Grief & Bro., a copartnership, against the Texas Central Railroad Company, the Mallory Steamship Company being later brought in as a defendant. From a judgment dismissing the petition, plaintiffs appeal. Affirmed.

S. J. T. Smith, of Anson, for appellants. W. T. Andrews, of Stamford, and R. C. Chambers and Chapman & Coombes, all of Anson, for appellee.

SPEER, J. L. Grief & Bro., a copartnership, filed this suit in the county court of Jones county to recover from the Texas Central Railroad Company the value of a box of goods shipped by freight on September 30, 1910, over defendant's line of railway from Hamlin, Tex., to plaintiffs at Baltimore, Md. In their original petition plaintiffs alleged that the box of goods was of the value of $186.50, which it was sought to recover, together with interest in the sum of $27.97, and an attorney's fee, under the statute, of $50. The defendant filed its original answer, setting up general and special exceptions, general denial, and especially asking that the Mallory Steamship Company be made a party defendant. After this the plaintiffs filed their amended original petition, in substance the same as the original, except they alleged their damage for loss of goods at $250, with interest at $50 and attorney's fee at $50. The defendant Mallory Steamship Company filed an answer, and the defendant Texas Central Railroad Company filed its amended original answer, excepting to the items of interest and attorney's fee, and pleading specially that plaintiffs had fraudulently alleged the amount of the damage at a sum sufficient to give the court jurisdiction. The trial court, after hearing the evidence, sustained the plea to its jurisdiction, dismissed the cause at plaintiffs' cost, and they have appealed.

[1, 2] Appellants' first assignment of error attacks the ruling of the court in dismissing the cause of action because they say their original petition declared on an amount exceeding $200, and that, therefore, the court had jurisdiction. A sufficient answer to this, however, is that the original pleading was entirely supplanted by the amendment voluntarily filed by them. But if not, and if for any reason the original petition could be looked to in determining the jurisdiction, still the trial court sustained special exceptions to the items of interest and attorney's fee, to which ruling there is no assignment of error, and with these items stricken out, the petition showed a cause of action below the jurisdiction of the county court and the court was right in dismissing it. Haddock v. Taylor, 74 Tex. 216, 11 S. W. 1093.

[3, 4] It is next complained that the court erred in sustaining the plea in abatement after appellee had filed its answer, including general demurrers, general denial, etc., in the cause many months prior to the time it presented its plea in abatement. As we understand the record, however, there was no necessity from appellee's standpoint for interposing a plea to the jurisdiction until the filing by appellants of their amended original petition, which declared the value of the box of goods to be $250. The plea appears to have been seasonably presented after appellant's amendment. But if it had not been, we are yet not prepared to hold that appellee

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

could not present the matter of a fraud on the jurisdiction of the court involving the subject-matter of the controversy at any time. Parties cannot by consent confer jurisdiction where it otherwise does not exist, nor could the delay, we think, of a defendant in presenting such defense have that effect. The court very clearly finds the facts to be that appellants falsely alleged the value of the box of goods to be more than $170 for the fraudulent purpose of conferring jurisdiction on the county court, and there is no exception to this finding.

[5] Under the facts shown the court correctly dismissed the action, even though the other defendant, the Mallory Steamship Company, did not join in the plea of fraud. For if the court had no jurisdiction as to the one defendant, neither did it have as to the other.

The judgment of the county court is affirmed.