OVERTON, J.
 

 Defendant was convicted without capital punishment of the crime of rape, and from a sentence to imprisonment at hard labor for life he prosecutes this appeal.
 

 It appears that a little over three months after the accused was indicted he was brought into court for arraignment. He objected to being arraigned, because of the absence of his counsel, who, it seems, was temporarily absent from the state, but who expected to be present in two days, and who, in fact, was then on his way home. The court overruled the objection and ordered the accused arraigned, but without prejudice to any of his rights, which means without prejudice to his right to withdraw his plea and file such preliminary motions as he might deem proper. His counsel was notified by the court, prior to the trial on the day thereof, of the right reserved to him, but, so far as appears, his counsel had no preliminary motion to file, nor does it appear, although over three months intervened between the finding of the indictment and the arraignment, that he even suggested that he desired to prepare and file such a motion. We think that the right reserved to the accused by the court cured the irregularity in the arraignment.
 

 The next bill of exception relates to the manner in which the court conducted the trial. It appears that after the jury had been impaneled, and before any witness was sworn, the trial judge, over the objection of defendant, ordered that all persons be excluded from the courtroom, except counsel, the jury, officers of the court, relatives of the accused and of the prosecuting witness, persons who had some special interest in the case, and those who specially requested to be admitted. The trial judge says in his per curiam that the order was not rigidly enforced by the sheriff, and that there was, at all times during the trial, a fair-sized audience in the courtroom. The trial judge does not say in his per curiam why he issued the order, but the minutes of court, which contain the order, disclose that he did so because of the nature of the case.
 

 Defendant relies upon the Sixth Amendment to the Constitution of the United States and upon section 9 of article 1 of the Constitution of this state to maintain his position that the trial judge erred in issuing the foregoing order. As relates to the Sixth Amendment, that amendment applies exclusively to the powers exercised by the government of the United States, whether by Congress or the judiciary, and does not affect trials in state courts. Eilenbecker v. Plymouth County, 134 U. S. 35, 10 S. Ct. 424, 33 L. Ed. 801. But the same right to a public trial, guaranteed an accused by the Sixth Amendment; is guaranteed him by section 9 of article 1 of the Constitution of this state. The expression “public trial,” found in that section of the Constitution, is used in opposition to “secret trial.” The purpose in guaranteeing to an accused a public trial is to pre
 
 *95
 
 vent the abuses which history shows were brought about by secret trials. Such a guaranty is essential to the due and proper administration of justice. However, the term “public trial,” found in the constitutional section cited, is used in a relative sense. It was never intended, for instance, that all who desire to enter the courtroom during the trial must be permitted to enter to make the trial a public one. Thus, it has been held that the refusal to admit persons in the courtroom after all the seats had been filled did not deny to defendant a public trial. State v. Brooks, 92 Mo. 542, 5 S. W. 257, 330. This is so, because such a refusal is not improper in the orderly administration of justice. Likewise it is proper to exclude from the courtroom the witnesses on both sides, during the trial, while evidence is being introduced, and it has never been thought that such exclusion denied to an accused a public trial, although in some instances the exclusion may almost clear the courtroom. It is also proper for the judge to clear the courtroom temporarily during the trial when the audience becomes dis- ' orderly, and such action, on the judge’s part, does not deny the accused the right to a public trial. State v. Scruggs, 165 La. 842, 870, 116 So. 206. It is also generally held that it is proper to exclude from the courtroom persons of immature years, where the character of the charge and the nature of the evidence to be offered is such as to make it improper that such persons be present during the trial.
 

 We cite the foregoing instances simply for the purpose of showing that the term “public trial,” as used in the Constitution, is used in a relative sense. Cooley, in his work on Constitutional Limitations (6th Ed.) p. 373, lays down a rule, which is frequently cited by the courts, asi to what constitutes a public trial. He says:
 

 “It is also requisite that the trial be public. By this is not meant that every person who sees fit shall, in all cases, be permitted to attend criminal trials, because there are many eases where, from the character of the charge and the nature of the evidence by which,it is to be supported, the motive to attend the trial on the part of portions of the community would be of the worst character, and where a regard to public morals and public decency would require that at least the young be excluded from hearing and witnessing the evidence of human depravity which the trial must necessarily bring to light.The requirement of a public trial is for the benefit of the accused, that the public may see that he is fairly dealt with, and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions; and the requirement is fairly observed if, without partiality or favoritism, a reasonable proportion of the public is suffered to ’attend, notwithstanding that those persons whose presence could be of no service to the accused, and who would only be drawn thither by a prurient curiosity, are excluded altogether.”
 

 It may be here said that the courts are not in full accord as to liow far a trial judge may go in excluding persons from the courtroom without denying to the accused a public trial. This will appear from the annotations to the cases of State v. Hensley, 75 Ohio St. 255, 79 N. E. 462, 9 L. R. A. (N. S.) 277, 116 Am. St. Rep. 734, 9 Ann. Cas. 108; State v. Nyhus, 19 N. D. 326, 124 N. W. 71, 27 L. R. A. (N. S.) 487, and Reagan v. United States (C. C. A.) 202 F. 488, 44 L. R. A. (N. S.) 583, as reported in L. R. A. (N. S.). In our view, as stated by Oooley, where the evidence to be offered is of a degrading nature, and without partiality on the part of the judge, a reasonable proportion of the public is suffered to attend the trial, the constitutional guaranty is fairly complied with.
 

 In the case at bar, as' we have said, aside from the jury and the court officers, the order, issued by the judge, permitted the relatives of the accused and of the prosecuting witness, also those who had some special interest in the case, and those who specially asked to be admitted, to be present. The trial judge says that at all times during the trial a fair-sized audience was present. We
 
 *97
 
 think that the accused had a “public trial” within the meaning of the Constitution.
 

 Defendant also filed a motion for a new trial and one in arrest of judgment. Both were overruled. The motion for a new trial presents nothing for review that we have not already considered. The motion in arrest is based on the ground that the verdict of the jury rests on an arraignment made of defendant when his counsel was absent. Suffice it to say that we have passed on the complaint as to the arraignment in considering the first bill of exception.
 

 For the foregoing reasons, the verdict and the sentence appealed from are affirmed.