**WOOD et al. v. FULTON PROPERTY CO. et al.**

No. 1505.

Court of Civil Appeals of Texas. Eastland.

Jan. 10, 1936.

Rehearing Denied Feb. 14, 1936.

J. M. Mothershead, of Harlingen, and Polk & Thompson, of Pharr, for appellants.

Leo Brewer, of San Antonio, Seabury, Taylor & Wagner, of Brownsville, and A. N. Moursund, of San Antonio, for appellees.

GRISSOM, Justice.

For convenience the parties will be referred to as in the trial court.

On March 26, 1934, plaintiffs L. Bernice Wood and husband, C. B. Wood, obtained judgment in the district court of Cameron county, Tex., in cause No. 11066, against B. F. Dittmar Company for $11,922.30, from which judgment there was no appeal. An abstract of the judgment was recorded in the judgment records of said county. Execution was issued and levied on property situated in Cameron county as the property of the Dittmar Company.

The present suit (No. 13087) was instituted by said L. Bernice Wood and C. B. Wood against the Dittmar Company, Fulton Property Company, and Property Management Company, each a Texas corporation, alleging that the Dittmar Company had loaned enormous sums of money in Cameron county on which loans it had charged usurious interest; that being threatened with suits on its usurious contracts, it "did attempt an ingenious system of business prestidigitation, to delay, hinder, or defraud (its) creditors"; that it organized the other corporate defendants to hold its assets and assist in the alleged manipulations and conveyed its assets of the face value of more than $2,000,000 to such other named defendants. They alleged such transfers to be void and the property so conveyed to be subject to the

judgment and execution liens of plaintiffs, and, in the alternative, that if title passed by such transfers, it did so charged with an equitable lien in favor of plaintiffs for the amount of their judgment.

Defendants, other than the Dittmar Company, filed pleas of privilege to be sued in Bexar county, which were overruled, and said defendants excepted and gave notice of appeal, but did not appeal. On the day the said defendants' pleas of privilege were overruled they filed their answers to the merits in said cause, each of said answers, however, reciting that it was filed "without waiving its plea of privilege * * * subject to the same," etc. Up to this time there had been no application for the appointment of a receiver.

■ Thereafter, on September 22, 1934, plaintiffs filed their amended petition and therein for the first time asked that a receiver be appointed to take charge of the properties of the three defendants. On October 16, 1934, the defendants, other than the Dittmar Company, filed their pleas of privilege to be sued in Bexar county, alleging facts bringing them within the provisions of article 2312, and praying, in substance, that the entire cause be transferred to Bexar county, and, in the alternative, that the cause in so far as it prayed for the appointment of a receiver be transferred to Bexar county. The pleas of privilege were controverted, and, upon a hearing, the court overruled the general pleas of privilege of said defendants, but sustained the second counts of the pleas of privilege and directed that the portion of the proceedings seeking the appointment of a receiver be transferred to the district court of Bexar county. Such action is assigned as error, and is the gist of this appeal.

Article 2312, R.S.1925, as amended by Acts 1927, c. 13, § 1 (Vernon's Ann.Civ. St. art. 2312), is as follows: "If the property sought to be placed in the hands of a receiver is a corporation whose property lies within this State, or partly within this State, then the action to have a receiver appointed shall be brought in this State in the county where the principal office of said corporation is located."

Article 1995, subd. 30, provides: *"Special venue.*—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

It is undisputed that the Fulton Property Company and the Property Management Company are Texas corporations whose properties lie within this state, and that the principal office of each of said corporations is located in Bexar county.

The Supreme Court of Texas, in the case of Bonner v. Hearne, 75 Tex. 242, 12 S.W. 38, 41, in an opinion by Justice Gaines said: "We do not hesitate to hold that section 13 of the act of April 2, 1887 [now article 2312 R.S.1925], as amended [Vernon's Ann.Civ.St. art. 2312], was intended to confer upon corporations the privilege of having suits for the appointment of receivers of their property instituted in the counties of their principal offices."

It would seem that under the plain statutory provisions and undisputed facts of this case, wherein a general receiver for the benefit of the plaintiffs and all other creditors of the three corporate defendants was sought, that the venue of an application for the appointment of a receiver is in the county where the principal offices of such corporations are located.

But, it is contended by plaintiffs that said defendants waived their right to assert their pleas of privilege. It is true, as heretofore stated, that prior to the application by plaintiffs for the appointment of a receiver for the defendants, that Fulton Property Company and Property Management Company filed their pleas of privilege to be sued in Bexar county, which pleas were overruled, and from which no appeal was taken. It is also true that said defendants filed answers to the merits subject to their pleas of privilege. It is true that an order of the court was entered after the application for the appointment of a receiver was filed, which order recited that by agreement the cause was set for October 1, 1934, but said order also recited that the setting was made "without prejudice to the pleas of privilege."

"Where the interposition of a plea in abatement becomes necessary for the first time by reason of the amendment of the plaintiff's petition, the plea comes in time if seasonably presented after the amendment." 1 Tex.Jur. § 120, p. 165.

"The objection that the exceptions to the amended petition cannot be entertained,

there having been an answer to the merits previously filed, is not tenable. The answer to the merits was filed previous to the filing of the amended petition. Where the plaintiff thus amends by the introduction of new matter, it is the right of the defendant to plead anew to the new matter so introduced by the plaintiff.' Otherwise, it might be in the power of the plaintiff, so to frame his pleadings, as to deprive the defendant of his just defences. The exceptions were taken at the earliest stage of the pleadings, practicable; and that they were rightly received and entertained, is, we think, quite too clear to admit of question." Speake v. Prewitt, 6 Tex. 252.

"It is next complained that the court erred in sustaining the plea in abatement after appellee had filed its answer, including general demurrers, general denial, etc., ·in the cause many months prior to the time it presented its plea in abatement. As we understand the record, however, there was no necessity from appellee's standpoint for interposing a plea to the jurisdiction until the filing by appellants of their amended original petition, which declared the value of the box of goods to be $250. The plea appears to have been seasonably presented after appellant's amendment." L. Grief & Bro. v. Texas Cent. R. Co. (Tex.Civ.App.) 163 S.W. 345.

"It is true, as suggested by appellant, that the second amendment contains no new pleas or grounds for setting aside the deficiency judgment, but, as said above, the second amendment omits and does not contain the only plea or ground which gave the Reeves county district court jurisdiction, suit for the land, and, when that was omitted from the second amendment, the plea of privilege was then for the first time available to appellee. It was immaterial that several terms of the court had gone by while the case was pending; if appellee's plea was not then available, there could have been no waiver in not earlier filing the plea of privilege, and appellant's demurrers had no application." Farnham v. First Nat. Bank of El Paso (Tex.Civ.App.) 28 S.W.(2d) 883, 884. Also, see Frankenstein v. Acme Inv. Co. et al. (Tex.Civ.App.) 87 S.W.(2d) 744.

We conclude that the pleas of privilege having been filed as soon as they were available to said defendants, that is, after the amendment by plaintiffs praying for the appointment of a receiver, that same were timely filed; that defendants' rights to file said pleas were not waived by their action prior to the time that the pleas were available to them; that their action in agreeing to a setting of the case after plaintiffs had so amended, said agreed setting being without prejudice to the pleas of privilege, obviously did not constitute a waiver. See Genet' v. President, etc., of Delaware & H. Canal Co., 170 N.Y. 278, 63 N.E. 350; State v. Croak, 167 La. 92, 118 So. 703.

■ After the plaintiffs, by amended petition, had for the first time sought the appointment of a receiver for the defendants, the defendants, other than the Dittmar Company, obtained permission of the court to, and did withdraw all former pleadings, and then in due order of pleading filed and presented their said pleas of privilege.

We are of the opinion that the court did not err in permitting the said defendants to withdraw their former pleadings so that they might then in due order file their pleas of privilege. Stephens County v. J. N. McCammon, Inc. (Tex.Civ.App.) 54 S.W.(2d) 880; State v. Tyler County State Bank (Tex.Civ.App.) 261 S.W. 414; Fulmore v. Benson (Tex.Civ.App.) 257 S.W. 697.

■ Article 2312 is not a jurisdictional but a venue statute. Lubbock Ind. School Dist. v. Lubbock Hotel Co. (Tex.Civ.App.) 62 S.W.(2d) 274, 278. Being a venue statute, it, of course, can be waived, but under the facts we are convinced that the said defendants did not waive their rights under this statute, and that they asserted such rights as soon as the same were available to them under the plaintiffs' pleadings; that, under the authorities, the court properly permitted said defendants to withdraw their former pleadings and file their pleas of privilege in due order, and that the court, in order to give effect to the statute, was required to enter its order transferring, at least, the application for appointment of a receiver.

■ Since plaintiffs do not contend that under any contingency the part of the cause of action retained in Cameron county should be transferred to Bexar county, and since defendants, although insisting in the trial court that the entire cause should be transferred to Bexar county, having failed to cross-assign the .retention of a

part of the case in Cameron county as error, the question as to whether the court erred in failing to transfer to Bexar county the portion of the case retained in Cameron county is not presented to us for decision.

The judgment of the district court is affirmed.