STATE OF CONNECTICUT *v.* ROBERT E. McCLOUD

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE No. CR1908915
TOLLAND

Memorandum filed June 26, 1980

*Abbot B. Schwebel,* assistant state's attorney, for the state.

*John P. McKeon,* for the defendant.

*Sorokin, Sorokin, Hurwitz, Wetstone, Rabinovitz & Gassner,* for the petitioner, The Journal Publishing Company.

CORRIGAN, J. During the court trial of the above-captioned case, the court ordered the courtroom closed to the public to receive the testimony of two minor witnesses after their attorney and guardian ad litem represented that they would not testify unless the public was excluded. In view of their motion, the defendant waived his right to a public trial. After their testimony, the court ordered the record of that testimony and certain other evidence sealed from the public. The petitioner moves that all such orders be vacated, and that all evidence and the transcript of the minors' testimony be opened for public inspection.

Although counsel for the petitioner argued in his brief that the petitioner had some special or greater right than the general public by virtue of the first

and fourteenth amendments to the United States constitution to have access to criminal trials, he conceded in oral argument that his client's right was coincident to that of the general public but that that issue was not important to the merits of his motion to vacate the order of exclusion. The court finds his concession to be the present state of the law in view of the majority as to this issue in the *Gannett* case; *Gannett Co.* v. *DePasquale,* 443 U.S. 368; and of the analogous holdings by the Supreme Court in regard to access to prisons. See *Houchins* v. *KQED, Inc.,* 438 U.S. 1; *Saxbe* v. *Washington Post Co.,* 417 U.S. 843; *Pell* v. *Procunier,* 417 U.S. 817. He concedes further that the court may, under certain circumstances, close the trial to the public, but the public's objection is entitled to a meaningful hearing. Practice Book, 1978, § 895 provides for the exclusion of the public when there is a substantial likelihood that its presence would unduly inhibit any testimony. The Connecticut Supreme Court has sustained the trial court's exclusion of the general public when lurid details of a crime must be related by the victims; *State* v. *Purvis,* 157 Conn. 198, 207; *State* v. *Gionfriddo,* 154 Conn. 90, 93; and Connecticut is not alone. Exclusion has been upheld in cases involving violent crimes against minors; *Geise* v. *United States,* 262 F.2d 151 (9th Cir.); where children testified concerning revolting facts; *Beauchamp* v. *Cahill,* 297 Ky. 505; where embarrassment could prevent testimony; *State* v. *Callahan,* 100 Minn. 63; during the testimony of a ten-year-old rape victim; *Hogan* v. *State,* 191 Ark. 437; and where evidence is obscene. *State* v. *Croak,* 167 La. 92. These were done over the objection of the defendants who were entitled to a public trial. In the present case, the attorney for the two minor witnesses moved to exclude the public during their testimony, representing that because of the content of their testimony they would not testify in a public

forum. By the nature of the charges and the evidence to that stage of the trial, there was no question that their testimony would be of details which were violent, lurid, revolting and embarrassing. The defendant waived his public trial right, the state had no objection and the court found that there was a substantial likelihood that their testimony would be nonexistent or inhibited if exclusion was not ordered. The petitioner argues that despite that finding, its interest of truth gathering was greater than the interest of all other participants and it was entitled to a meaningful hearing and cites *Gannett Co. v. DePasquale,* 443 U.S. 368. Justice Stewart, in *Gannett,* alluded to the fact that the trial judge granted the petitioner an opportunity to be heard and properly balanced the societal interests in favor of the defendant's right to a fair trial. It is significant, however, that he placed the responsibility on the prosecutor as a representative of the public to protect the societal interest in an open trial while being sensitive to the due process rights of the defendant and a fortiori placed the same responsibility upon the trial judge. Id., 384n. *Gannett* certainly does not stand for the proposition that a member of the public may interrupt a criminal trial on any objection to the conduct thereof and have a right to a hearing. In the present case the authority to exclude the public during the testimony of the minors was obvious and any delay for a hearing on an objection of the public unwarranted. The petitioner acknowledged that the only evidence which it could present to prevent exclusion would be the testimony of the minors. Obviously this would frustrate the motion for exclusion since if the petitioner did not believe the representations of the witnesses' counsel and lacked confidence in the integrity and ability of the court to inquire after closure, then the mere confirmation by the witnesses would not satisfy the petitioner

unless their testimony was nearly or completely spread on the public record, if in fact, in this case, that would satisfy the petitioner. Further, the sanctions available to the court to punish an adult witness for refusal to testify under General Statutes § 51-35 are not available as to a minor witness. See General Statutes § 46b-131.

The court must agree with the petitioner that the *Gannett* case does not resolve the question as to how the public may exercise an objection to the conduct of a criminal trial where its interest in observing the performances of the participants is limited. But it certainly recognizes the attendant problems to the court and the incursions on the rights of the defendant by repeated interruptions and delays occasioned by the public's desire to assert their interest in the trial during the trial proper. It has no application to the rights of innocent victims who move for closure.

The more difficult question raised by the petitioner in the present matter is the sealing of the testimony and of certain evidence relevant to that testimony from the public after the conclusion of the trial. There certainly is no constitutional prohibition against sealing that testimony and evidence from public inspection in the proper case. *News-Press Publishing Co.* v. *Florida,* 345 So. 2d 865, 867 (Fla. App.); *McLaughlin* v. *Philadelphia Newspapers, Inc.,* 465 Pa. 104.

Obviously the legislature and the courts are concerned with the publicity attendant to any court hearing which would have a detrimental effect on minors or victims. The legislature placed errant minors' records beyond the reach of the public; General Statutes § 46b-124; and allowed courts to close their hearings to the public in family matters and keep the record of them confidential if the

court finds that the welfare of the children requires it in a particular case. General Statutes § 46b-11. The court adopted the language of General Statutes § 46b-49, allowing a closed courtroom in family matters, to include the keeping of the record confidential. Practice Book, 1978, § 478. There is no reason to believe that our rules of practice which allow a witness to testify in a closed courtroom because of the attendant embarrassment occasioned by publicity of his testimony if given in public did not encompass the continued confidentiality of it. Practice Book, 1978, § 895. The Supreme Court of the United States invites this procedure. "If there are privacy interests to be protected in judicial proceedings, the States must respond by means which avoid public documentation or other exposure of private information. Their political institutions must weigh the interests in privacy with the interests of the public to know and of the press to publish." *Cox Broadcasting Corporation* v. *Cohn*, 420 U.S. 469, 496.

It is significant in the present case that the evidence sealed was not necessary to the conviction since the defendant admitted the acts but pleaded being psychotic. Unfortunately for the victims, there was no indication prior to their testimony that this would be the posture of the defendant. If they had known, the present motion would not be before the court.

It is also obvious that the requests to open the courtroom and to vacate the orders of exclusion are presently moot. The only portion of the relief requested which can be acted upon viably is the request for access to the transcript of the closed hearing and the evidence sealed from the public.

Certain of the evidence, in particular state's exhibits B, C and D, is contraband as defined under

General Statutes § 54-36a, being the corroboration of the admission of the defendant's violation of § 53a-196 (a). It would be no more fitting for the court to allow the use of this contraband film and picture by the public than to allow the use of other contraband such as heroin.

The court must conclude that its closure was proper under the provisions of Practice Book, 1978, § 895. The continued confidentiality of the testimony is warranted by the anticipated exclusion of it from the public by such minors, the expressed policy of the legislature and the courts in such cases, and the lack of the need for that evidence for conviction associated with the waiver by the defendant of a public trial as to that evidence. The tangible evidence, state's exhibits B, C and D, not only falls within the logic of the above but has also been declared contraband. There is no reason to seal the other evidence since the testimony of the defendant is corroborated by his diary and statement, and his testimony was not closed.

The court, therefore, denies the petitioner's motion to vacate the order to close the court for the minors' testimony, to open to the public the transcript of the minors' testimony, and to unseal state's exhibits B, C and D.