I INTRODUCTION
The defendant Gary C. Wendt, has filed a motion to seal the file and close the hearing in this contested dissolution of marriage action. The motion was filed pursuant to General Statutes §§ 46b-11, 46b-49 and Practice Book § 211B. The plaintiff wife opposed the motion. The court permitted intervention by Dow Jones and Companies, the parent company of the Wall Street Journal, who also opposed the motion. The court heard legal arguments, obtained certain agreements from counsel as to factual matters, took judicial notice of other factual matters, made findings of fact and entered the orders set forth.
There is no reported case in Connecticut discussing the issue of courtroom closure to the news media in a family matter. No reported case has discussed the relationship between Practice Book § 211B, established effective October 1, 1995, and the closure of courtroom authority previously established by §§ 46b-11 and 46b-49. This appears to be a matter of first impression.
 II FACTS
The defendant is the president and chief executive officer of General Electric Capital Services, Inc. He is also senior vice president of General Electric Corporation. As such, he possesses certain vested and unvested stock options as well as ownership of General Electric's publicly traded stock. The motion states: "This testimony from a high level insider of G.E. Capital will likely affect the market value of General Electric shares. The interest in protecting the stability of the price of General Electric's shares overrides the public's interest in attending the dissolution proceedings or in viewing the documents related to the dissolution action. " *Page 210 
The plaintiff objects on three grounds: (1) the testimony will be of matters that are of public record including General Electric's filings with the Securities and Exchange Commission (SEC); (2) there will be no testimony that will denigrate or embarrass the defendant nor affect his relations with General Electric; and (3) there are matters that the public should be aware of including whether unvested stock options are property in Connecticut eligible for marital distribution and whether, in Connecticut, there is a limit in marital awards to unemployed wives in cases involving a long term marriage to a wealthy corporate executive.
Dow Jones and Companies made four arguments: (1) the closing of the proceedings would violate the first amendment of the United States constitution, i.e., the rights of free speech and press; (2) financial disclosures of substantial income and assets in and of themselves are not sufficient to override the public interest; (3) the defendant's continued employment prospects with General Electric is not such an overriding interest; and (4) any testimony relating to any possible trading of General Electric stock by the defendant is already a matter of public record.
 III DISCUSSION OF LAW
As a general rule, interference with access by the public and press to matters of important information is a violation of the first amendment. Any "arbitrary interference with access to important information is an abridgement of the freedom of speech and of the press protected by theFirst Amendment." Richmond News papers, Inc. v. Virginia, 448 U.S. 555,583, 100 S.Ct. 2184, 65 L.Ed.2d 973 (1980). A balancing test has been used in the past to limit such interference. Press-Enterprise Co. v.Superior Court, 478 U.S. 1, 6-7, *Page 211 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986); State v. Franzese, 23 Conn. App. 433,434, 580 A.2d 538 (1990).
Superior Court files and the documents contained therein are generally accessible to the public. The reason for this rule has been summarized in a 1990 decision of the United States District Court for the District of Connecticut. "When parties come before the courts, as willing claimants seeking redress or as unwilling targets of such claims, they play out a process by which their respective rights and obligations are adjudicated. Their dispute is personal. The adjudicative process, however, is a function of the law which is derived from the community's delegation to the courts and to the legislature of the power to establish and enforce the substance of the law. That process is a matter of public concern as the enforcement of the law has a broader impact than just the decision in the dispute of particular parties. So also the community has a real concern as to the process by which the law is justly enforced. The public's concern is accommodated by the openness of the court's record. By access to the record, the public best ensures that the authority it has delegated to the courts and the substantive law enacted under authority delegated by the community are exercised and enforced consistent with the charge to the court implicit in the delegation of authority." Hartfordv. Chase, 733 F. Sup. 533, 535 (D.Conn. 1990). The court has applied these standards in rendering its decision on this motion. The court is also of the opinion that §§ 46b-11, 46b-49, Practice Book § 211B and Practice Book § 478 are all in conformity with these standards.
Practice Book § 211B was promulgated by the judges of the Superior Court, effective October 1, 1995. Prior to that date, the constitutional federal balancing test was used without any procedural or authoritative court rule. Practice Book § 211B contains such procedure as well as guidance using a balancing test. "[T]he court *Page 212 
shall not order that the public, which may include the news media, be excluded from any portion of a proceeding and shall not order that any files, affidavits, documents, or other materials on file with the court or filed in connection with a court proceeding be sealed or their disclosure limited." Practice Book § 211B (a). That section contains an opening caveat "except as other wise provided by law." A parallel Practice Book rule was approved effective October 1, 1995 dealing with criminal matters. Practice Book § 895. Both of those rules state that orders under certain statutes are excepted. Practice Book § 211B (c); Practice Book § 895 (c). Included within these are orders made pursuant to §§ 46b-11 and 46b-49. These two statutes are the authorities relied upon by the defendant in prosecuting this motion.
The court has used the procedure but not the authority of Practice Book § 211B in entering the orders set forth in this decision. "Upon motion of any party, or upon its own motion, the court may order that the public be excluded from any portion of a proceeding and may order that files, affidavits, documents or other materials on file with the court or filed in connection with a court proceeding be sealed or their disclosure limited if the court concludes that such order is necessary to preserve an interest which is determined to override the public's interest in attending such proceeding or in viewing such materials. Any such order shall be no broader than necessary to protect such overriding interest." Practice Book § 211B (b). "In connection with any order issued pursuant to paragraph (b) of this rule, the court shall, on the record in open court, articulate the overriding interest being protected and shall specify its findings underlying such order. The time and date of any such order shall be entered by the court clerk in the court file together with such order. With the exception of orders concerning any session of court *Page 213 
conducted pursuant to Gen. Stat. §§ 46b-11, 46b-49, and 46b-122 or any other provision of the general statutes under which the court is authorized to close proceedings, no order excluding the public from any portion of a proceeding shall be effective until seventy-two hours after it has been issued." Practice Book § 211B (c).
Under § 46b-11, family relations matters may be heard in a courtroom from which the public and press have been excluded "if the judge hearing the case determines that the welfare of any children involved or the nature of the case so requires." This statute preexisted Practice Book § 211B and appears to have been promulgated by the legislature in 1959. Public Acts 1959, No. 531. The statute has been used to limit testimony related to minor children. Gennarini v. Gennarini,2 Conn. App. 132, 139, 477 A.2d 674 (1984); Pascal v. Pascal,2 Conn. App. 472, 485, 481 A.2d 68 (1984); State v. McCloud,36 Conn. Sup. 352, 356, 422 A.2d 327 (1980). There are no other reported cases dealing with § 46b-11 and § 46b-49, either as a Superior Court unreported decision or by an appellate level court decision in Connecticut.
Section 46b-49 appears to have been promulgated by the Connecticut legislature in 1973. See Public Acts 1973, No. 73-373. "When it considers it necessary in the interests of justice and the persons involved, the court shall, upon the motion of either party or of counsel for any minor children, direct the hearing of any matter under this chapter . . . to be private. The court may exclude all persons except the officers of the court, a court reporter, the parties, their witnesses and their counsel." General Statutes § 46b-49. It appears that neither § 46b-49 nor § 46b-11 contains any procedural method of conducting any constitutional balancing.
Practice Book § 211B references both §§ 46b-11 and 46b-49. On October 1, 1995, the Practice Book was also *Page 214 
amended to provide for closed hearings in family relations matters. See Practice Book § 478. "Subject to the provisions of Sec. 211B, any family relations matter may be heard in chambers or in a courtroom from which the public and press have been excluded, and the records and other papers in any family relations matter may be ordered by the court to be kept confidential and not to be open to inspection except under order of the court or a judge thereof." Practice Book § 478. It appears that this rule of practice was passed to avoid a conflict between the statutes and the rules of procedure. State v. Clemente, 166 Conn. 501, 516,353 A.2d 723 (1974). Prior to the adoption on October 1, 1995 of Practice Book § 478, the standards for courtroom closure were "the welfare of any children involved or the nature of the case so requires." General Statutes § 46b-11.
The only reported case that does not involve the consideration of minor children is Saundry v. Saundry, Superior Court, judicial district of New Haven at Meriden, Docket No. FA960253546S (July 15, 1996) (17 Conn.L.Rptr. 373) (Silbert, J.). In discussing Practice Book § 211B and §§ 46b-11 and 46b-49, Judge Silbert concluded: "Read together, all these provisions give the court authority to close proceedings and to seal files where there is a particular interest to be protected and that interest overrides the public's interest in attending such proceeding or in viewing such materials." (Internal quotation marks omitted.) Id., 373-74. Applying those standards, the court refused to close the hearing, not withstanding the plaintiff's concern about disclosure of her financial situation as a solo law practitioner. Judge Silbert also refused to seal the file concerning issues regarding the defendant's employment as an intelligence captain with the state department of correction. Finally, the court refused to close the file because of fear that disclosure of certain particular information *Page 215 
could affect the parties' children. Judge Silbert found that at this stage of the proceeding a generalized concern over children's safety "does not outweigh our system's basic bias in favor of public courts and open records and proceedings." Id., 374. The parties were "invited to reapply for a particularized order in connection with any future aspect of these proceedings the disclosure of which they fear might compromise their children's safety." Id.
 IV CONCLUSION
Although the defendant is a high ranking executive with a Fortune 500 company, disclosure of his income and assets does not override the public's right of access. The defendant's prospect for continued employment and the status of his employment with General Electric similarly does not override the public's right to access. The court has already found that the constitutional guidelines as set forth in RichmondNewspapers and Press-Enterprise have been complied with by the enactment of Practice Book §§ 211B and 478 and §§ 46b-11 and 46b-49.
The court finds that the defendant is an "insider." He is a high ranking corporate officer of General Electric Capital Services, Inc. and General Electric Corporation. The exercise of stock options and sale and purchase of stock by insiders is valuable information to traders of stock. Possession and use of insider information before that information is made public is a violation of SEC rules and can lead to criminal prosecution. General Electric is the oldest member of the Dow Jones Industrial Average and that stock is followed by millions of persons daily on a worldwide basis. The Dow Jones Industrial Average is followed equally by millions of persons on a regular basis to select investments. Any change, even minuscule, to the Dow Jones Industrial *Page 216 
Average, can affect the livelihood of virtually every per son worldwide. General Electric Capital Services, Inc. is the financial arm of its parent company, General Electric. In 1995, forty percent of the profits of General Electric were generated by General Electric Capital Services, Inc. The plaintiff has been the president and chief executive officer of General Electric Capital Services Corporation since 1986. The defendant holds numerous stock options, both vested and unvested, in General Electric. One of the issues in this case is how this court is going to deal with unvested stock options. Testimony regarding the defendant can easily be anticipated concerning his intentions to exercise unvested stock options as well as his opinion as to valuation, contingencies and other terms and conditions of those stock options.
The court finds that the following is an overriding interest. Any information obtained in this case before that information is filed publicly by General Electric or its subsidiaries and concerning the defendant as an insider may affect another person or entity's decision to trade General Electric stock, invest in corporations within the same industry or utilize the Dow Jones Industrial Average. This overriding interest was articulated in open court on December 4, 1996 when this order was rendered from the bench.
 V ORDER
(1) The motion to seal the file and close the hearing dated December 3, 1996 is granted, and the public and all news media are excluded from the courtroom in all hearings in this case.
(2) All files, transcripts, documents, exhibits, pleadings, motions and depositions, whether sealed, in evidence or otherwise, now or hereafter to be considered by the court, are all sealed. *Page 217 
(3) This written decision will be public. The arguments made in open court on the morning of December 4, 1996 and the transcript thereof will remain public. All other transcripts are sealed.
(4) This court is mindful that there may be other issues of public importance that may arise during this case, i.e., (1) the treatment of unvested stock options, (2) the treatment of unvested retirement plans, and (3) less than equal distribution of assets in a long-term marriage to a wife of a wealthy corporate executive. The parties are invited to reapply for a particularized order in connection with these issues at a later time.
(5) This order is based upon the authority of §§ 46b-11 and 46b-49
and the procedures established by Practice Book §§ 211B and 478. This order was not based upon the authority of Practice Book §§ 211B and 478.
(6) The order is, therefore, effective immediately at 12:45 p. m. December 4, 1996.
(7) The trial will continue without interruption. There will be no seventy-two hour stay of the effective date of this decision. Practice Book § 211B (d); General Statutes § 51-164x.